PROB 12C
(Rev 04/17 D/HI)



# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**May 15, 2018**
SUE BEITIA, CLERK

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

Subject: JOHN FREITAS  Case No.: CR 13-00124JMS-01

Name of Sentencing Judicial Officer:  The Honorable J. Michael Seabright
Chief U.S. District Judge

Original Offense:  Possession of Child Pornography, a Class C Felony.

Date of Original Sentence:  02/27/2015

Original Sentence:  42 months imprisonment, to be followed by 10 years supervised release.

Current Term of Supervision Commenced:  01/04/2017

Modification:  On 6/30/2017, the Court modified the subject's conditions of supervised release to add Special Condition No. 3: You must not possess or use alcohol during the term of supervision. You must warn any other resident and/or guest that you are prohibited from possessing any alcohol in your residence and on your property. You must submit to alcohol testing at the direction of the probation office; and Special Condition No. 12: You must not knowingly possess, distribute, inhale, or ingest any synthetic cannabinoid, defined as a substance that mimics the effects of cannabis and applied to a plant material, often referred to as "synthetic marijuana," "K2," or "Spice," without the prior approval of the court.

Modification:  On 12/19/2017 (filed on 12/20/2017), the Court modified the subject's conditions of supervised release to add Special Condition No. 13: You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity). You must take all mental health medications, including

1

psychotropic medications, that are prescribed by your treating physician.

## NONCOMPLIANCE SUMMARY

The subject has not complied with the following condition(s) of supervision:

1. That the subject's urine specimen submitted on 6/5/2017 and as part of his substance abuse treatment regimen was confirmed positive for marijuana, in violation of Standard Condition No. 7.

2. That the subject's urine specimen submitted on 12/5/2017 and as part of his substance abuse treatment regimen was confirmed positive for marijuana, in violation of Standard Condition No. 7.

3. The subject consumed alcohol on or about 1/31/2018, in violation of Special Condition No. 3.

4. That on 5/15/2018, the subject failed to comply with substance abuse treatment at the Sand Island Treatment Center (SITC), in violation of Special Condition No. 2.

## PETITIONING THE COURT

To issue a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

## STATEMENT OF FACTS

On 1/16/2014, the subject pled guilty to Possession of Child Pornography, a class C felony. On 2/27/2015, the subject was sentenced to 42 months imprisonment, to be followed by 10 years supervised release. On 1/4/2017, the subject began his term of supervised release on Oahu. The subject was immediately placed in individual substance abuse counseling and an individual sex offender treatment program (SOTP). In addition, the subject completed a psychosexual evaluation and polygraph examination. On 2/3/2017, the subject relocated back to the Big Island. As a piece of added support, the subject was placed into drug/alcohol testing with Lokahi Treatment Centers (Lokahi). Lokahi is the contracted vendor that provides drug testing and substance abuse treatment services on the Big Island.

**Violation No. 1 - That the subject's urine specimen submitted on 6/5/2017 and as part of his substance abuse treatment regimen was confirmed positive for marijuana:**

On 6/5/2017, at approximately 5:00 p.m., the subject contacted this officer and reported that he tested positive for THC at Lokahi. The subject indicated that staff tested his urine specimen three times because he could not believe the results. The subject was questioned about his drug use. He denied using marijuana and stated that he had not used the substance since 2014. The subject was encouraged to reflect on the situation and that this officer would contact him the following day. Lokahi confirmed that the subject reported for drug testing on 6/5/2017 and submitted a urine specimen which tested presumptive positive for THC on a non-instrumented drug testing device. The urine specimen was submitted to Alere Toxicology Services (Alere) for confirmation testing. On 6/18/2017, Alere confirmed that the urine specimen submitted on 6/5/2017 was positive for marijuana.

On 6/6/2017, a three-way contact was conducted with the subject and his SOTP counselor. The subject denied any illicit drug use. During the contact, the subject expressed his concerns/fears of having to be brought back in front of the Court and that he had no desire of ever violating his conditions. When questioned about consuming any marijuana edibles, he denied consuming anything unknown to him. However, due to his recent back surgery, he related that he had started taking an herbal product called "Kratom" which he purchased from a local smoke shop. The subject indicated that he took Kratom because it would help to alleviate the pain and that he did not want to continue taking the pain medication prescribed to him by his surgeon. The subject was encouraged to come up with a realistic plan to deal with his chronic back pain and cautioned about his thinking errors and looking for quick fixes. The subject was informed of the confirmation process and that we would wait for the results to return.

On 6/27/2017, an unannounced home contact was conducted. During the contact, the subject was informed of the confirmation results. The subject maintained his prior representation that he did not use illicit substances and stated that he would be willing to take a polygraph test to prove this. As to the positive drug test, the subject believes that the Kratom he consumed may have been laced with marijuana. The subject stated that he would be willing to stop using Kratom and is open to talking with a treatment counselor about pain management.

On 6/30/2017, the Court was informed of the violation and/or interventions by this officer. The Court concurred with the recommendations and modified the subject's conditions. The subject was allowed to remain in the community.

**Violation No. 2 - That the subject's urine specimen submitted on 12/5/2017 and as part of his substance abuse treatment regimen was confirmed positive for marijuana:**

On 12/5/2017, the subject contacted this officer and reported that he had tested positive for THC at Lokahi. The subject was questioned about his drug use and denied using marijuana. The subject was informed that the undersigned would wait for the lab results/confirmation. Lokahi staff confirmed that the subject reported for drug testing on 12/5/2017 and submitted a urine specimen which tested presumptive positive for THC. The urine specimen was submitted to Alere for confirmation testing.

On 12/10/2017, Alere confirmed that the urine specimen submitted on 12/5/2017 was positive for marijuana. The subject was informed of the confirmation results and admitted to struggling with marijuana since May 2017. The subject explained that he purchased $20 worth of marijuana on or about 12/1/2017. When questioned why he had lied about his drug use, he stated that it was due to fear of being incarcerated again.

On 12/19/2017, the Court was informed of the violation and/or interventions by this officer. The Court concurred with the recommendations and modified the subject's conditions. The subject was allowed to allowed to remain in the community.

**Violation No. 3 - The subject consumed alcohol on or about 1/31/2018:**

On 1/31/2018, the subject admitted to struggling with alcohol and had fallen back into binge drinking. Through the help of his CARE Hawaii case manager, the subject was admitted into the Hilo Hospital and placed on a psychiatric hold to allow him time to medically detox. On 2/2/2018, the subject entered the Sand Island Treatment Center (SITC) on Oahu. He was attending their dual diagnosis (mental health/substance abuse) residential treatment program.

On 2/17/2018, Supervising U.S. Probation Officer Mark T. Nugent met with the subject at the SITC. The subject was made aware that he must remain at the SITC.

On 2/21/2018, the Court was informed of the violation and concurred with this officer's recommendation.

**Violation No. 4 - That on 5/15/2018, the subject failed to comply with substance abuse treatment at the Sand Island Treatment Center (SITC):**

On 5/15/2018, SITC staff contacted the Probation Office and advised that they were discharging the subject due to his failure to comply with the program rules. Staff related that they attempted multiple interventions with the subject; however, he failed to follow through with making the necessary changes, and continued to violate program rules. In this regard, staff conducted an investigation and discovered that the subject was in possession of an unauthorized bank card and an unapproved amount of cash. The subject cancelled his bank card that was approved/monitored by staff and obtained a new card unknown to anyone. Therefore subverting the process and not complying with the programs rules. SITC will not consider the subject for readmission.

In considering the above noted violations, it is respectfully recommended that the

Court issue a No Bail Warrant for the subject's appearance before the Court to show cause why supervised release should not be revoked.

**Detention Assessment**

      Pursuant to Criminal Procedure Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), when it is alleged that a person has violated probation or supervised release, there is a presumption of detention, and the burden is on that person to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

      As the Court is aware, the U.S. Probation Office utilizes the Post Conviction Risk Assessment (PCRA) tool to identify dynamic risk factors and assign risk level. The subject is in the PCRA high/violence category 1 risk level. As noted in his prior Court reports, the subject had struggled while on Pretrial supervision due to his alcohol and marijuana use. The subject's bail was eventually revoked and he was remanded to custody. Furthermore, the subject has prior convictions for, Operating a Vehicle Under the Influence of an Intoxicant, Criminal Contempt of Court (two), Assault in the Third Degree, and Criminal Trespass in the Second Degree. In addition, the subject has prior arrests for Possession of a Controlled Substance, Affray, Assault and Battery, Failure to Appear, and Criminal Contempt of Court. Subsequently,the subject has shown a poor track record of abiding by Court conditions. Based upon the above factors, it is clear that he poses a significant risk to himself and the
community.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/15/2018

Respectfully submitted by,

_____
Donovanlee K. Jenkins
U.S. Probation Officer

Approved by:


_____
Mark Nugent
Supervising U.S. Probation Officer

## ORDER OF THE COURT

THE COURT ORDERS:

☑ The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked, as recommended by the U.S. Probation Officer. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

or

☐ The issuance of a Summons and that the subject appear before the Court to show cause why supervision should not be revoked.

☐ No Action/Other

Considered and ordered this 15th day of May 2018, and ordered filed and made a part of the records in the above case.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge