# MINUTES

CASE NUMBER:     CR NO. 13-00124JMS

CASE NAME:       USA vs. (01) JOHN FREITAS

ATTYS FOR PLA:   Ronald G. Johnson

ATTYS FOR DEFT:  (01) Sharron I. Rancourt

INTERPRETER:

JUDGE:   Leslie E. Kobayashi           REPORTER:   Debi Read

DATE:    12/14/2018                    TIME:       3:30-4:05

COURT ACTION:  EP: Order to Show Cause as to Why Supervised Release Should Not Be Revoked.

Defendant (01) John Freitas present in custody. Tarama M. Fuatagavi, U.S. Probation Officer, present.

Defendant admits to the alleged violation of the conditions of his supervised release. Court findings made. Court finds that the Defendant has violated the conditions of his supervised release. Defendants' supervised release is hereby revoked.

Sentencing recommendations heard. Defendant's Mother addresses the Court. Court informs Defendant and Defendant's Mother of the Restorative Justice Circle Program.

Allocution by Defendant.

Court's proposed sentence stated. No legal objections to the proposed sentence. Court imposes sentence.

**SENTENCE:**

Imprisonment: 10 Months.
Supervised Release: 106 Months.

**Conditions of Supervised Release**

You must abide by the mandatory and standard conditions of supervision, including the following conditions:

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than 15 valid drug tests per month during the term of supervision.

You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.

**You must abide by the following special conditions:**

1. You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity).

2. As part of the substance abuse treatment regimen and monitoring, you must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3. You must not possess or use alcohol during the term of supervision. You must warn any other resident and/or guest that you are prohibited from possessing any alcohol in your residence and on your property. You must submit to alcohol testing at the direction of the probation office.

4. You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity).

5. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

6. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a

reasonable time and in a reasonable manner. You must also submit to periodic unannounced examinations of your computer and computer accessories as well as provide access to Internet service provider account records, as directed by the probation officer.

7. You may change your residence only with the advance approval of the probation officer. You must appear in person at the state registration agency within 3 business days after the change of residence to report such change.

8. You must participate in a sex offense-specific assessment and any recommended treatment program, and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a treatment provider's question shall not be considered a violation of this condition.

9. You must submit to periodic polygraph testing at the direction of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. A maximum of six polygraph tests per year is allowed, unless otherwise ordered by the Court. Your supervision may not be revoked based solely upon the results of a polygraph test. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a polygrapher's question shall not be considered a violation of this condition.

10. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

11. You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computergenerated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256 - such as material intended to sexually stimulate or arouse). You must not frequent any place where such material is the primary product for sale or entertainment is available. The only exceptions to this condition are for treatment purposes or for the purpose of appeal or collateral challenges in the instant case, and with the prior approval of the probation officer.

12. You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, without the prior approval of the probation officer.

13. You must not access the Internet except for reasons approved in advance by the probation officer.

14. You must reside in a residential reentry center such as Mahoney Hale for a term of up to 6 months, following release from imprisonment as arranged by the probation officer. You must follow the rules and regulations of the center. Both the probation officer and the residential reentry center may share information regarding your progress and/or violations.

**Judicial Recommendations:**
Defendant to be placed at FDC Honolulu.

**After Defendant's incarceration is over, the U.S. Probation Office is directed to schedule a hearing before this Court when the U.S. Probation Officer reviews the conditions of supervised release with the defendant.**

Defendant advised of his right to appeal within 14 days of entry of judgment.

Defendant remanded to the custody of the US Marshal.

Submitted by: Warren N. Nakamura, Courtroom Manager